**UNITED STATES of America,
Appellee,**

v.

**Miguel MARTINEZ, Defendant–
Appellant,**

**Mark Rodriguez, Ramon Luis
Martinez, Jamie Coburn,
Defendants.**

No. 03–1643.

United States Court of Appeals,
Second Circuit.

April 12, 2005.

Tina Schneider, Portland, ME, for Appellant.

John–Claude Charbonneau, Assistant United States Attorney (David V. Kirby, Acting United States Attorney for the District of Vermont, on the brief), United States Attorney's Office for the District of Vermont, Rutland, VT, for Appellee.

Present: KEARSE, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case be and hereby is **REMANDED.**

Defendant Miguel Martinez appeals from a judgment in a criminal case, entered on September 29, 2003, following his plea of guilty to one count of possessing with intent to distribute heroine and cocaine, in violation of 21 U.S.C. § 841(a)(1). The District Court sentenced defendant principally to a term of 151 months' imprisonment, in part by finding the defendant to be a career offender pursuant to United States Sentencing Guidelines § 4B1.1. Defendant argues that the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), rendered his sentence constitutionally infirm. We now remand this case to the District Court for two determinations.

We note first that defendant filed his notice of appeal in the District Court on October 15, 2003, and therefore failed to meet the ten-day deadline prescribed by Federal Rule of Appellate Procedure

4(b)(1)(A). The District Court deemed defendant's notice of appeal to be "a motion for extension of time for filing the notice of appeal," granted the motion, and thus concluded that the notice of appeal was duly filed. The District Court may not, however, extend the time to file a notice of appeal without first making "a finding of excusable neglect or good cause." Fed. R.App. P. 4(b)(4). Because no such finding was made here, we remand the case to the District Court for a determination whether defendant can demonstrate "excusable neglect or good cause" for failure to file his notice of appeal within the ten-day period provided in Rule 4(b)(1)(A).

Furthermore, on the day we heard the oral argument in defendant's appeal, the Supreme Court clarified the application of *Blakely* to the Sentencing Guidelines in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This case is remanded to the District Court for further proceedings in conformity with *Booker*, and with this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

Within ten days after the District Court concludes proceedings pursuant to this remand order, either party may restore jurisdiction to this panel by giving notice to the Clerk of Court. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.